UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBRA ANTHONY**,                                    Case No. 1:11 CV 1400

        Plaintiff,                            Magistrate Judge James R. Knepp, II

    v.                                         MEMORANDUM OPINION AND ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

### INTRODUCTION

Plaintiff Debra Anthony filed this action for judicial review of the administrative denial of disability insurance benefits (DIB). On September 27, 2012, the Court reversed and remanded the administrative decision pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). Plaintiff then filed the pending Motion for Attorney Fees seeking $2,393.75 in fees. (Doc. 22). Defendant filed a response stating the Commissioner would not file objections to Plaintiff's Motion. (Doc. 23). For the reasons discussed below, the Court grants Plaintiff's Motion.

### DISCUSSION

The Equal Access to Justice Act (EAJA) directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the government's position was not "substantially justified." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990). Concerned people would be reluctant to pursue litigation against the government, Congress implemented the EAJA to defray or eliminate the costs of fighting unreasonable governmental action. *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989). Because the Court issued a sentence-four remand, Plaintiff is a "prevailing party". *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988). Defendant has the burden of establishing that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). "The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). Both the underlying agency position and the litigation position must be substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994). Plaintiff argues Defendant's position was not substantially justified because, as the Court stated in the Memorandum Opinion and Order, the ALJ relied on the medical-vocational guidelines to find Plaintiff not disabled despite evidence of nonexertional limitations. (*See* Doc. 20, at 41–45; Doc. 22, at 2–3). Defendant has the burden of proving its position was substantially justified; it has not done so because it has not objected to Plaintiff's Motion, and the Court also concludes the ALJ's reliance on the grids in the face of nonexertional limitations was not substantially justified because it lacked a reasonable basis in law and fact.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $2,393.75, representing a rate of $125 per hour for a total of 19.5 hours.

IT IS SO ORDERED.

                 s/James R. Knepp, II
                 United States Magistrate Judge